SILVERMAN, Circuit Judge,
dissenting:
• The Salmans were convicted in Phoenix Municipal Court of various city code violations. Their defense at trial was that the code sections in question unconstitutionally infringed on their right to freedom of religion. They argued the same point on *539 appeal to the Maricopa County Superior Court, which rejected the argument in reasoned decisions and affirmed their convictions.[1] The Salmans’ next step was to the Arizona Court of Appeals; that was unsuccessful, too. They made no effort to seek review by the Arizona Supreme Court or to petition for certiorari in the U.S. Supreme Court.
Instead, they brought this lawsuit against the City of Phoenix seeking the federal district court’s declaratory judgment on the very point on which they premised the defense of their criminal cases — that the Phoenix City Code sections are unconstitutional as applied to them. Of course, such declaratory relief would necessarily imply the invalidity of their convictions. As the district court correctly concluded, this suit is in reality a “forbidden de facto appeal” under this court’s precedents, and is therefore barred by the Rooker-Feldman doctrine. See Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir.2003).
This conclusion is not at odds with Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022 (9th Cir. 2005). There, the plaintiff challenged the city’s interpretation of an ordinance to conclude that the plaintiff had not supplied adequate information to qualify for its desired rent change. Id. at 1030. This is in contrast to the Salmans’ current challenge, which is to the city’s criminal enforcement of an ordinance as it specifically applies to them. This is simply another way of saying that they had a constitutional right to do what they were charged with and should have been granted a judgment of acquittal. The Salmans already litigated this challenge as part of their defense in their criminal cases and lost. Despite the Salmans’ attempt to portray their lawsuit as something other than an attack on their convictions, it is obviously “inextricably intertwined” with their criminal case. Noel, 341 F.3d at 1165. That is, they have no “independent claim” over which a federal court might have jurisdiction; rather, their claims here are the same as those decided by the state court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). As the district court ruled, Rooker-Feldman bars federal courts from reviewing such claims. See Cooper v. Ramos, 704 F.3d 772, 781 (9th Cir.2012) (barring inmate’s challenge to ruling in his state case as a “forbidden de facto appeal” despite his portrayal of it as independent). Therefore, I would affirm the district court’s dismissal of the case.

. The court takes judicial notice of Maricopa County Superior Court case number LC2011-00583, affirming Suzanne Salman's conviction for three zoning violations.